**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **ROBERT MERRIL** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-11592 |
| ) | |
| **MIDLAND CREDIT** ) | |
| **MANAGEMENT, INC.** ) | |
| Defendant, ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Robert Merrill, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business and resides here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Robert Merrill (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Middlesex County, in the state of Massachusetts.

5.  Defendant, Midland Credit Management, Inc. (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in San Diego County, in the state of Massachusetts.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and

regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

8. Sometime before April 14, 2015, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and was therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to April 14, 2015; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Defendant then, within one year prior to the filing of this complaint, during the latter half of 2014, called Plaintiff and threatened to sue him with immediacy in the event of his nonpayment on the alleged debt that it was trying to collect on.  Defendant did not sue Plaintiff in the event of nonpayment on the alleged debt, and again called him in March of 2015 making the same threats.  Defendant's threat in 2014 was false and misleading in regards to the immediacy with which it stated it would sue Plaintiff in the event of his nonpayment on the alleged debt.  Defendant then received and signed for a demand letter from Plaintiff's legal counsel on April 6, 2015, that had been sent via Certified U.S. Mail.  The letter gave Plaintiff's legal counsel's contact information.  Knowing that it should not contact Plaintiff and should only contact Plaintiff's legal counsel, as Plaintiff's legal counsel told Defendant that all communication with his client was to cease, Defendant still continued to call Plaintiff multiple times in the around one week that followed in attempts to collect on the alleged debt.  These calls by Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(a)(1); §1692d, §1692e, §1692e(5), §1692e(10), and §1692f.

## V. CAUSES OF ACTION

### CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

13. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay on the alleged debt.

16. As a result of the foregoing violations of the FDCPA in its attempts to collect on the alleged debt, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert Merrill respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

Dated:  April 14, 2015                                   RESPECTFULLY SUBMITTED,
                                                         By: /s/ Kevin Crick
                                                         Kevin Crick, Esq.
                                                         BBO:  680950
                                                         Consumer Rights Law Firm, PLLC
                                                         133 Main St., Second Floor
                                                         North Andover, Massachusetts 01845
                                                         Phone: (978) 420-4747
                                                         Fax: (888) 712-4458
                                                         kevinc@consumerlawfirmcenter.com
                                                         **Attorney for Plaintiff**

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Robert Merrill demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.